IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FELICIA HOOKS | ) | |
| | ) | RECEIVED |
| Plaintiff, | ) | 2021 NOV 10 P 2: 43 |
| | ) | |
| v. | ) | DEBRA P. HACKETT, CLK. Civil Action No.: |
| | ) | U.S. DISTRICT COURT |
| | ) | MIDDLE DISTRICT ALA |
| | ) | 1:21-cv-757 |
| | ) | |
| LOWE'S HOME CENTERS, LLC | ) | |
| d/b/a LOWE'S; LOWE's HOME | ) | |
| CENTERS, INC.; RUSSELL HUEY; | ) | |
| and TRACY MARTIN; | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

## I.   **INTRODUCTION**

1.   This is an action for equitable and legal relief to redress unlawful discrimination based on race, including racial harassment, sex, including sexual harassment, and retaliation, including retaliatory harassment, against the plaintiff. The suit is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§2000e *et seq.* (hereinafter "Title VII"), which provides for relief from discrimination on the basis of race, sex, and retaliation, and 42 U.S.C. §1981 (hereinafter §1981), which provides for relief against discrimination on the basis of race and retaliation. Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy, assault and battery, intentional infliction of emotional distress, and negligent and/or wanton, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact." The plaintiff seeks a declaratory relief,

1

injunctive relief, and other equitable remedies, including backpay and reinstatement, as well as compensatory and punitive damages, costs, attorneys' fees and expenses.

**II.   JURISDICTION & VENUE**

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201, 2202, and 42 U.S.C. §2000e-5(f)(3). This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367 because all such claims are so related to claims in the action that they form part of the same case or controversy.

3.    The unlawful employment practices alleged were committed by the defendants within Houston County, Alabama, which is within the jurisdiction of the Southern Division of the United States District Court for the Middle District of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

1.    The plaintiff requests a jury trial on all equitable claims and defenses and all issues triable by jury.

**III.   ADMINISTRATIVE PREREQUISITES**

2.    The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her Notice of Right-To-Sue from the EEOC.

3.    On or about August 24, 2020, the plaintiff timely filed a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC") against Lowe's, which was assigned Charge Number 420-2020-00425 alleging, *inter alia*, an ongoing illegal hostile work environment and/or harassment resulting in her demotion based upon

race, sex, and in retaliation for resisting and opposing this discrimination and complaining about the same. (Exhibit 1, Charge of Discrimination).

4. On or about January 18, 2021, the plaintiff timely filed a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC") against Lowe's, which was assigned Charge Number 420-2021-00883 alleging, *inter alia*, an ongoing illegal hostile work environment and/or harassment resulting in her demotion based upon race, sex, and in retaliation for resisting and opposing this discrimination and complaining about the same. (Exhibit 2, Charge of Discrimination).

5. On or about July 26, 2021, the plaintiff timely filed a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC") against Lowe's Home Centers, LLC, which was assigned Charge Number 420-2021-02548 alleging, *inter alia*, an ongoing illegal hostile work environment and/or harassment resulting in her demotion based upon race, sex, and in retaliation for resisting and opposing this discrimination and complaining about the same. (Exhibit 3, Charge of Discrimination). Hooks also alleged that she was terminated because of her race, sex, and in retaliation for her complaints of discrimination. *Id.*

6. The EEOC issued the plaintiff Notice of Right to Sue for Charge Number 420-2020-00425, which is dated October 7, 2021, which the plaintiff received several days later, and has timely filed this Complaint within 90 days of receipt of that notice. (Exhibit 4, Notice of Right to Sue).

7. The EEOC issued the plaintiff Notice of Right to Sue for Charge Number 420-2021-00883, which is dated October 7, 2021, which the plaintiff received several days later, and has

timely filed this Complaint within 90 days of receipt of that notice. (Exhibit 5, Notice of Right to Sue).

8.  The EEOC has not issued the plaintiff Notice of Right to Sue for Charge Number 420-2021-02548, which pending with the EEOC.

9.  The plaintiff's claims of race discrimination, including racial harassment, and retaliation, including retaliatory harassment, under 42 U.S.C. §1981 do not require administrative exhaustion.

10. The plaintiff's state law claims for invasion of privacy, assault and battery, intentional infliction of emotional distress, and negligent and/or wanton, training, supervision, and/or retention against defendant Tracy Martin do not require administrative exhaustion.

## IV.  **PARTIES**

11. The plaintiff Felicia Hooks (hereinafter referred to as "plaintiff" or "Hooks") is a female citizen of the United States, is over the age of nineteen (19) and was a resident of the State of Alabama during the relevant time period. The plaintiff was employed by defendant Lowe's Home Improvement, LLC.

12. The defendant, Lowe's Home Centers, LLC, (hereinafter "defendant" or "Lowe's") is an "employer" subject to suit under Title VII and a person subject to suit under 42 U.S.C. §1981. The defendant does business in this district and, at all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII and a person subject to suite under 42 U.S.C. §1981. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant conducts business in Houston County, Alabama.

4

13.     The defendant, Lowe's Home Centers, Inc. (hereinafter "defendant" or "Lowe's") is an "employer" subject to suit under Title VII and a person subject to suit under 42 U.S.C. §1981. The defendant does business in this district and, at all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII and a person subject to suite under 42 U.S.C. §1981. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant conducts business in Houston County, Alabama.

14.     The defendants, Lowe's Home Centers, LLC and Lowe's Home Centers, Inc. (hereinafter referred to collectively as "defendant" or "Lowe's"), were a single integrated enterprise and were the plaintiff's employer according to Title VII and a person subject to suit under 42 U.S.C. §1981. The defendants are related entities with common ownership, share the same physical location, and have the same registered agent and the same address for the service of process.

15.     In the alternative, the defendants, Lowe's Home Centers, LLC and Lowe's Home Centers, Inc. (hereinafter referred to collectively as "defendant" or "Lowe's"), were a joint operation and the plaintiff's employer according to Title VII and a person subject to suit under 42 U.S.C. §1981. These defendants are related entities, share the same physical location, and have the same registered agent and the same address for the service of process.

16.     The defendant Tracy Martin (hereinafter referred to as "Martin" or "defendant") is an individual subject to suit under Alabama law.

17.     The defendant Russell Huey (hereinafter referred to as "Huey" or "defendant") is an

5

individual subject to suit under Alabama law.

## IV.   STATEMENT OF FACTS

18.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

19.   The plaintiff, Felicia Hooks, is an African American female. During 2015, the defendant, Lowe's, hired Hooks to work as a Cashier in Store Number 0606. Hooks worked part time in the position. During 2018, Hooks became a Paint Associate in the Paint Department. During June 2019, Hooks was promoted to Merchandising Specialist position and became part of the Merchandising Specialist Team (MST). Cliff Asslin (Caucasian male) was the supervisor of the MST. Russell Huey (Caucasian male) was also a Merchandising Specialist and part of the MST. Tracy Martin (Caucasian male) was also a Merchandising Specialist and part of the MST.

20.   During September 2019, the MST was working night shifts stocking paint, and Huey told Hooks not to open a new box of paint cans. Later, on that same shift, Asslin told Hooks to open a new box of paint cans so that the whole row would be four cans deep with paint instead of two cans deep. Afterwards, Huey saw that Hooks had opened the box and got angry with her saying "I told you not to open that box of damned paint." Hooks responded that Asslin told her to open the paint. Huey replied: "what did I say?" Hooks told Huey that Asslin was her boss, and Asslin told Hooks to open the paint, and so that's what she did. After that date, Huey's attitude toward Hooks changed. Huey began to tell other employees Hooks was a "bitch" or a "whore" and would tell them he was going to get her off the team.

21.   For example, Huey told Joshua Ready (African American male), Morris Horn (African American male), Phyllis Pender (African American female), Tori Liptort (African

American female) that Hooks was a "bitch" or a "whore" and that he was going to get Hooks off the team. Asslin told Hooks that all of these employees reported to him that Huey made these comments. Asslin told Hooks that he would "handle it." Asslin failed to take any action to prevent the harassment, which continued.

22.    Beginning on November 11, 2019, Tracy Martin (Caucasian male) came up behind Hooks, massaged her shoulders, and said "let's go to your house for lunch today." Hooks was surprised and understood his comments to be sexual comments. Hooks responded that she brought her lunch and was not going home. Martin said he would take care of Hooks and "I know what you need." Hooks said no, and Martin walked off, saying he would come back later. Martin came back later and asked if she was going home, and she said no she was staying at work. That same day, Hooks asked Pinder if she had overheard this conversation, and she said yes and laughed. Martin did pretty much the same thing later that week, and again Hooks told him no. After the second incident, Hooks complained to Asslin that Martin had asked her for sex on two occasions. Asslin told her he would "take care of it." The following Monday, there was a department meeting in which Asslin told the employees generally to stay out of each other's personal space. Asslin failed to take any further action to prevent the harassment, which continued. Martin would on a daily or almost daily basis ask Hooks you for sex by saying "my back needs scratching", "my hand is itching", or "somebody needs to pay up." Martin would make daily comments that his nipples were hard. Hooks complained to Asslin several more times, but he kept saying he would take care of it.

23.    A couple of months later, after still not having received a response to her complaints, Hooks followed up with Asslin. For the first time, Asslin asked Hooks to write a statement about

issue she had complained about two months prior. Hooks took this to mean that Asslin had not done anything at all about her complaint of harassment by Martin. Asslin told Hooks not to ask Martin for help, as if it was Hooks' fault that he harassed her.

24.    On or about August 3, 2020, there was another team meeting. Prior to this meeting, there had been a lot of employees talking about each other out on the floor. Hooks expressed concern during the meeting that if anyone had anything to say to please address it directly with the person. David Briggs stated in a threatening manner, "I wish she would say something to me … I've got something for her." Following the meeting, Asslin told Hooks that she was being suspended without pay pending investigation for allegedly threatening a co-worker, when Briggs is actually the one who made a threat.

25.    Prior to that meeting, David Briggs and Russell Huey almost got into a physical altercation one day at work. Briggs called Huey a "SOB." Huey said, "do you want some of this?" Cliff Asslin asked them if they needed to go into the back, and they said no. Male employees can threaten employees and have not been disciplined, however, Hooks did not make a threat but was treated differently.

26.    Hooks was suspended from work for several weeks while Lowe's conducted an investigation into Hooks' alleged threat.

27.    Upon information and belief, male employees have made actual threats to one another and other employees, and no action was taken towards them. They were not placed on leave or disciplined.

28.    The day after Hooks returned to work, September 1, 2020, Jason Firster (area manager) called her into a meeting and told her that she was being placed on "final notice" although she had never been disciplined previously verbally or otherwise. Hooks was also assigned

to a new supervisor, Courtney Hill (white female).

29.   Throughout the time Hill supervised Hooks, Hill made Hooks work alone whereas other employees were paired as a team. Hill was also hyper-critical of Hooks' performance. Co-workers in the store noticed this and would ask Hooks why she always had to work alone. They noticed and felt that Hill was singling Hooks out. Hill would also critique Hooks' job performance, when she was doing things the way she had been taught and the same way she and others had been doing them throughout the five years she was employed by Lowe's. Hill did not critique Hooks' white co-workers in this way.

30.   On October 1, 2020, Hill told Hooks to lift some lawnmowers. Hooks asked a seasonal employee for help, and the employee told her she needed to speak with her manager first because the employee had been told he would get in trouble for helping Hooks. Hooks had always been able to ask for help prior to this time.

31.   On October 8, 2020, Hooks notified Firster of an incident with Huey. Hooks went to go get a pallet jack to move something. Huey was putting something in the compactor. Hooks asked if she could move the buggy to get the pallet jack and moved the buggy. Huey said to Hooks in a very hostile and aggressive manner that that was his buggy. Hooks felt threatened and asked another employee to please stand there with Hooks because she didn't know what Huey was going to say or do since Hooks was aware Huey had been in several other altercations at work. Huey has behaved like this towards Hooks on several occasions and Hooks reported these incidents to Firster of this and told him she felt threatened.

32.   During early December 2020, Hill had teams of white employees working together on projects in the aisles. However, Hill continued to require Hooks to work alone.

33.   On January 5, 2021, Firster and Hill summoned Hooks to a meeting where Firster told her

9

that she was insubordinate for not doing what she was told by Hill on December 14, 2020, and that he was placing her on "final notice." Hooks told Firster that she dreaded coming to work after how she had been treated since her previous complaints. Firster told Hooks that she had "threatened three people," which was untrue. Again, male employees, specifically Russell Huey and others have made actual physical threats and have had no discipline.

34.     On June 28, 2021, Hooks smashed her hand at work causing it to be bruised and swollen. Hooks informed Alan Jones, the team member in charge, and left work around lunch time because of the injury to her hand. On July 7, 2021, Jason Fister (area manager) and Myra Holland (Human Resources) summoned Hooks to a meeting and told her that she was terminated for leaving early without notifying a member of management and for not taking a lunch break.

## V.     DAMAGES

35.     The plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful conduct as set forth herein unless enjoined by this Court.

36.     The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendants' unlawful conduct.

37.     The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory, punitive and liquidated damages is her only means of securing adequate relief.

## COUNT I: DISCRIMINATION
## (HARASSMENT) ON THE BASIS OF SEX
## IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

38.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

39.   The defendant Lowe's intentionally discriminated against the plaintiff on the basis of her race with regard to job assignments, discipline, and other terms and conditions of employment.

40.   The actions of the defendant Lowe's, through its agents, other employees and managers, created a hostile work environment for the plaintiff which was based on race and was continuous in nature during her employment. The hostile work environment was a continuing violation of Title VII.

41.   The defendant Lowe's had actual and constructive knowledge of the racial harassment because the harassment was open and obvious and because managerial employees participated in the harassment, but the defendant Lowe's failed to take prompt action to correct or eliminate the harassment.

42.   The defendant Lowe's had actual and constructive knowledge of the racial harassment because other employees complained to managerial employees, and because the plaintiff complained to managerial employees, but the defendant Lowe's failed to take prompt action to correct or eliminate the harassment.

43.   The defendant Lowe's engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

44.   As a result and consequence of the defendant's actions, the plaintiff has suffered pain,

financial damage, embarrassment, trauma and humiliation.

45.   This claim is brought against the defendant Lowe's as the plaintiff's employer under Title VII and against individual defendants Martin and Huey as persons subject to suit.

**COUNT II: DISCRIMINATION
(HARASSMENT) ON THE BASIS OF SEX
IN VIOLATION OF TITLE VII**

46.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

47.   The defendant Lowe's intentionally discriminated against the plaintiff on the basis of her sex with regard to job assignments, discipline, and other terms and conditions of employment.

48.   The actions of the defendant Lowe's, through its agents, other employees and managers, created a hostile work environment for the plaintiff which was based on sex and was continuous in nature during her employment. The hostile work environment was a continuing violation of Title VII.

49.   The defendant Lowe's had actual and constructive knowledge of the sexual harassment because the harassment was open and obvious and because managerial employees participated in the harassment, but the defendant Lowe's failed to take prompt action to correct or eliminate the harassment.

50.   The defendant Lowe's had actual and constructive knowledge of the sexual harassment because other employees complained to managerial employees, and because the plaintiff complained to managerial employees, but the defendant Lowe's failed to take prompt action to correct or eliminate the harassment.

51. The defendant Lowe's engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

52. As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

53. This claim is brought against the defendant Lowe's as the plaintiff's employer under Title VII and not against individual defendants Martin and Huey.

## COUNT III: RETALIATION (HARASSMENT) IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

54. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

55. The plaintiff engaged in protected opposition to illegal discrimination when she refused to consent to the hostile work environment created by Martin and other employees and managers.

56. The plaintiff engaged in protected activity to illegal discrimination when she complained about race discrimination, including racial harassment, and sex discrimination, including sexual harassment.

57. The defendant Lowe's discriminated against the plaintiff on the basis of retaliation with respect to job assignments, discipline, other terms, conditions, and privileges of employment in violation of Title VII and 42 U.S.C. §1981.

58. The actions of the defendant Lowe's created a hostile work environment for the plaintiff which was based on retaliation and was continuous in nature during her employment. The hostile work environment was a continuing violation pursuant to Title VII and 42 U.S.C.

§1981.

59.   The defendant Lowe's had actual and constructive knowledge of the sexual harassment because the harassment was open and obvious and because managerial employees participated in the harassment, but the defendant Lowe's failed to take prompt action to correct or eliminate the harassment.

60.   The defendant Lowe's had actual and constructive knowledge of the retaliatory harassment because managerial employees participated in the harassment, but the defendant Lowe's failed to take prompt action to correct or eliminate the harassment.

61.   The defendant Lowe's discriminated against the plaintiff by creating and tolerating a retaliatory hostile work environment, which included ultimately terminating the plaintiff's employment in violation of Title VII and 42 U.S.C. §1981.

62.   The defendant Lowe's engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

63.   As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

64.   This claim is brought against the defendant Lowe's as the plaintiff's employer under Title VII and not against individual defendants Martin and Huey.

## COUNT IV: DISCRIMINATION (TERMINATION) ON THE BASIS OF RACE IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

65.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

66.   The defendant Lowe's intentionally discriminated against the plaintiff on the basis of her race with regard to job assignments, discipline, and other terms and conditions of

employment, by reducing her responsibilities and limiting her opportunities for advancement, including initiated a process which resulted in her termination in violation of Title VII and 42 U.S.C. §1981.

67.     The defendant Lowe's engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

68.     As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

69.     The defendant Lowe's engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

70.     As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

71.     This claim is brought against the defendant Lowe's as the plaintiff's employer under Title VII and not against individual defendants Martin and Huey.

## COUNT V: DISCRIMINATION (TERMINATION) ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

72.     The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

73.     The defendant Lowe's intentionally discriminated against the plaintiff on the basis of her sex with regard to job assignments, discipline, and other terms and conditions of employment, by reducing her responsibilities and limiting her opportunities for advancement, including initiated a process which resulted in her termination in violation of Title VII.

74.     The defendant Lowe's engaged in the practices complained of herein with malice and/or

15

reckless indifference to the plaintiff's federally protected rights.

75.    As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

76.    The defendant Lowe's engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

77.    As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

78.    This claim is brought against the defendant Lowe's as the plaintiff's employer under Title VII and not against individual defendants Martin and Huey.

## COUNT VI: RETALIATION (TERMINATION) IN VIOLATION OF TITLE VII

79.    The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

80.    The plaintiff engaged in protected opposition to illegal discrimination when she refused to consent to the hostile work environment created by Martin and Huey.

81.    The plaintiff engaged in protected activity to illegal discrimination when she complained about sex discrimination, including sexual harassment.

82.    The defendant Lowe's discriminated against the plaintiff on the basis of retaliation with respect to job assignments, discipline, other terms, conditions, and privileges of employment in violation of Title VII.

83.    The defendant Lowe's discriminated against the plaintiff by creating a retaliatory hostile work environment and ultimately terminating the plaintiff's employment in violation of Title VII.

84. The defendant Lowe's engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

85. As a result and consequence of the defendant's actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

86. This claim is brought against the defendant Lowe's as the plaintiff's employer under Title VII and not against individual defendants Martin and Huey.

## COUNT VII: INVASION OF PRIVACY

87. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

88. The defendants Tracy Martin and Russell Huey invaded the privacy of plaintiff by, among other things, intruding into the plaintiff's private seclusion by making statements or inquiries invasive of her privacy.

89. The defendant Lowe's is liable to the plaintiff for the conduct of defendants Martin and Huey pursuant to *respondeat superior* and/or because defendant Lowe's (a) knew or should have known about their unfitness and continued to employ them; (b) defendant Lowe's used the services of Martin and Huey without proper instruction and with a disregard of the rights or safety of others; and/or (c) defendant Lowe's authorized, ratified and/or condoned the actions of its agents, Martin and Huey, which amounted to an invasion of the plaintiff's privacy.

90. The defendants Lowe's, Martin, and Huey engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's rights.

91. This behavior proximately caused the plaintiff to suffer great emotional distress for which

she claims compensatory and punitive damages from defendants.

92.   This claim is brought against defendants Lowe's, Martin, and Huey.

## COUNT VIII: ASSAULT AND BATTERY

93.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

94.   The defendant Tracy Martin physically touched the plaintiff and threatened to touch the plaintiff which constituted acts of assault and battery upon the plaintiff.

95.   The defendant Lowe's is liable to the plaintiff for the conduct of defendant Martin pursuant to *respondeat superior* and/or because defendant Lowe's (a) knew or should have known about their unfitness and continued to employ them; (b) defendant Lowe's used the services of Martin without proper instruction and with a disregard of the rights or safety of others; and/or (c) defendant Lowe's authorized, ratified and/or condoned the actions of its agent, Martin, which amounted to assault and battery.

96.   The defendants Lowe's and Martin engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's rights.

97.   This behavior proximately caused the plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from defendants.

98.   This claim is brought against both defendants Lowe's and Martin.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

100.   The defendants Tracy Martin and Russell Huey committed conduct which was extreme,

18

outrageous, and beyond the bounds of decency in civilized society.

101.    The defendant Lowe's is liable to the plaintiff for the conduct of defendants Martin and Huey pursuant to *respondeat superior* and/or because defendant Lowe's (a) knew or should have known about their unfitness and continued to employ them; (b) defendant Lowe's used the services of Martin and Huey without proper instruction and with a disregard of the rights or safety of others; and/or (c) defendant Lowe's authorized, ratified and/or condoned the actions of its agents, Martin and Huey, which amounted to intentional infliction of emotional distress.

102.    The defendants Lowe's, Martin, and Huey engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's rights.

103.    This behavior proximately caused the plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from defendants.

104.    This claim is brought against both defendants Lowe's, Martin, and Huey.

## COUNT X: NEGLIGENT AND/OR WANTON SUPERVISION, TRAINING, AND/OR RETENTION

105.    The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

106.    This is a claim arising under the law of the State of Alabama to redress the negligent and/or wanton, hiring, supervision, training, and retention of the supervisor who sexually harassed the plaintiff.

107.    The defendant Lowe's negligently and/or wantonly failed to adequately supervise, train, and/or retain its agents or employees who sexually harassed the plaintiff which proximately caused the sexual harassment and/or the retaliation against the plaintiff.

108.    This behavior proximately caused the plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from defendant Lowe's.

109.    This claim is brought against defendant Lowe's as the plaintiff's employer and not against individual defendants Martin and Huey.


V.    **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant the plaintiff a declaratory judgment holding that the actions of the defendants described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2.    Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and on the defendants' behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

3.    Issue an injunction ordering the defendants not to engage in discrimination and acts which violate Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

4.    Grant the plaintiff an order requiring the defendants to make the plaintiff whole by reinstating her in the position she would have occupied in the absence of the discrimination as set out herein, backpay (plus interest), compensatory, and punitive damages.

5.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

H. Wallace Blizzard
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, L.L.C.
301 19th Street North
Birmingham, Alabama 35203
Telephone/Fax: (205) 314-0500
*Counsel for Plaintiff*

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

OF COUNSEL

**The plaintiff requests this Honorable Court to serve via certified mail upon the defendant the following: Summons, Complaint.**

**Defendants' Addresses:**

Lowe's Home Centers, LLC
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

Lowe's Home Centers, Inc.
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104

Tracy Martin
267 Halie Dr, #28G
Midland City, AL 36350-8543

Russell Huey
218 Londonberry Dr
Dothan, AL 36303-5239

OF COUNSEL